CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA.
FILED

NOV 19 2010

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

PATRICIA T. SCOTT,                    )
                                      )       Civil Action No. 5:10CV00032
        Plaintiff,                    )
                                      )
v.                                    )       **MEMORANDUM OPINION**
                                      )
MICHAEL J. ASTRUE,                    )
Commissioner of Social Security,      )       By:    Honorable Glen E. Conrad
                                      )              Chief United States District Judge
        Defendant.                    )

Plaintiff has filed this action challenging the final decision of the Commissioner of Social

Security denying plaintiff's claims for disability insurance benefits and supplemental security income

benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. §

1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C.

§ 1383(c)(3). This court's review is limited to a determination as to whether there is substantial

evidence to support the Commissioner's conclusion that plaintiff failed to establish entitlement to

benefits under this Act. If such substantial evidence exists, the final decision of the Commissioner

must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial

evidence has been defined as such relevant evidence, considering the record as a whole, as might be

found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389,

400 (1971).

The plaintiff, Patricia T. Scott, was born on September 24, 1956. Mrs. Scott reached the

eleventh grade in school. She has since earned a GED. Plaintiff has worked as a psychiatric aide

in a mental hospital, certified nurse's aide in a nursing home, babysitter, and food packager.

Apparently, she last worked on a regular and sustained basis in 2003. On October 16, 2007, Mrs.

Scott filed applications for disability insurance benefits and supplemental security income benefits. Earlier applications for such benefits had proven unsuccessful. In filing her more recent applications, Mrs. Scott alleged that she became disabled for all forms of substantial gainful employment on July 28, 2007. She characterized her physical and emotional impairments as follows:

> I suffer from depression and anxiety disorder and panic disorder. [T]here are a lot of days that I just sit around and cry and I do not want to leave the house. Sometimes I won't eat for 2-3 days at a time. I am on meds now for the anxiety/panic disorder and those are more under control. I have a herniated disc in my neck and that is pinching some nerves which is causing the numbness in my hands and feet. I have bone spurs in my neck area and some bulging discs. I have daily pain in my neck and this also causes bad headaches. I have upset stomach on a regular basis and I was recently diagnosed with Irritable Bowel Syndrome. I have a hard time remembering things and remembering to do things. I have high cholesterol. I have arthritis in my knees and feet which causes regular pain. I also have arthritis in my back. The Hepatitis C has gone dormant and I have not noticed any type of symptoms from that.

(TR 172). Plaintiff now maintains that she has remained disabled to the present time. As to her application for disability insurance benefits, the record reveals that Mrs. Scott met the insured status requirements of the Act through the first quarter of 2008, but not thereafter. See gen., 42 U.S.C. §§ 416(i) and 423(a). Consequently, plaintiff is not entitled to disability insurance benefits unless she has established that she became disabled for all forms of substantial gainful employment on or before March 31, 2008. See gen., 42 U.S.C. § 423(a).

Mrs. Scott's applications were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated October 23, 2009, the Law Judge also determined that Mrs. Scott is not disabled. The Law Judge found that plaintiff suffers from several severe impairments, including depression,

anxiety, degenerative disc disease with spondylosis, and chronic headaches. Because of these impairments, the Law Judge ruled that plaintiff is disabled for all of her past relevant work roles. However, the Law Judge determined that Mrs. Scott retains sufficient functional capacity for a limited range of light work activity. The Law Judge characterized plaintiff's residual functional capacity as follows:

> Specifically, the claimant is limited to lifting and carrying twenty pounds occasionally and ten pounds frequently, standing or walking about six hours in an eight-hour work day, to occasionally stooping, and is moderately limited in the ability to understand, remember, and carry out detailed instructions, in the ability to maintain attention and concentration for extended periods, in the ability to interact appropriately with the general public, and in the ability to respond appropriately to changes in the work setting.

(TR 17). Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge ruled that Mrs. Scott retains sufficient functional capacity to perform several specific light and sedentary work roles which exist in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that Mrs. Scott is not disabled, and that she is not entitled to benefits under either federal program. See gen., 20 C.F.R. §§ 404.1520(g) and 416.920(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Scott has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts

3

and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. Simply stated, the court agrees that medical treatment of plaintiff's primary impairments has proven successful. Mrs. Scott has suffered from back problems for many years. She experienced a work-related back injury in 2002, and eventually underwent lumbar discectomy. Thereafter, she developed cervical spondylosis, and underwent cervical discectomies and fusion at C5-6 and C6-7. In a follow-up report on May 7, 2008, her neurosurgeon, Dr. Mark Shaffrey, stated that Mrs. Scott was doing "very well." (TR 551).

The medical record does reveal that, following her cervical surgery, Mrs. Scott experienced an exacerbation of her longstanding problems with headaches. In July 1, 2009, her treating neurologist, Dr. Evan Wenger, reported that she had experienced improvement in her headaches with a change in medication. (TR 702). The neurologist considered the problem to be under control.

Mrs. Scott has also been treated over a period of several years for depression and anxiety. Dr. Carol Shannon, plaintiff's treating psychiatrist, has submitted several reports in which she indicates that plaintiff has a history of major depression which is in remission. Dr. Shannon has established plaintiff's psychiatric diagnosis as dysthymia. Dr. Shannon's office notes give no indication that Mrs. Scott's psychiatric problems are so severe as to affect her capacity for regular employment. Indeed, the psychiatrist has indicated that some form of work activity would be therapeutic in Mrs. Scott's case. (TR 561).

4

In short, the court believes that the medical record is fully consistent with the Administrative Law Judge's assessment of plaintiff's residual functional capacity. The reports from the doctors who have regularly treated Mrs. Scott strongly indicate that her problems are under control, and that she experiences no physical or emotional impairments which would prevent all forms of work activity. In assessing plaintiff's residual functional capacity, the Administrative Law Judge relied in part on findings of state agency physicians who reviewed all of the medical reports of record. In questioning the vocational expert at the administrative hearing, the Law Judge formulated a hypothetical question which took into account all of the limitations reasonably supported in the medical record. The vocational expert identified several specific light and sedentary work roles which Mrs. Scott could be expected to perform, despite her particular combination of physical and emotional limitations. It appears to the court that the vocational expert's evaluation of vocational factors, and the assumptions under which the expert deliberated, are both reasonable and fully consistent with the evidence of record.

On appeal to this court, plaintiff has cited several arguments in support of her assertion that the Administrative Law Judge failed to give adequate consideration to all of her physical and emotional limitations. Mrs. Scott contends that the Administrative Law Judge erred in failing to provide reasons for determining that her chronic headaches constitute a severe impairment within the meaning of 20 C.F.R. §§ 404.1521 and 416.921. She also maintains that the Law Judge erred in failing to consider whether she suffers from a listed impairment on the basis of chronic headaches.[1] However, as previously noted, the neurologist who has treated plaintiff's headaches

---

[1] If a claimant suffers from an impairment listed under Appendix 1 to Subpart P of the Administrative Regulations Part 404, the claimant is deemed to be disabled for all forms of substantial gainful employment without consideration of factors such as age, education, and prior work experience. See 20 C.F.R. §§ 404.1520(d) and 416.920(d).

believes that the condition is subject to reasonable medical control through proper regulation of plaintiff's medication. There is no medical evidence to support plaintiff's assertion that her headaches occur with such regularity and severity as to prevent performance of all forms of substantial gainful activity. The court believes that the Administrative Law Judge properly relied on the reports from plaintiff's treating neurologist in considering the severity of plaintiff's chronic headaches. <u>See</u> 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2)(greater weight is generally given to opinions from treating sources).

Mrs. Scott also argues that the Administrative Law Judge improperly relied on the vocational expert's testimony in determining the existence of alternate work roles which she could be expected to perform. Citing Social Security Ruling (SSR) 00-4P, which requires the Commissioner to provide reasons for the resolution of certain conflicts between the testimony of a vocational expert and the <u>Dictionary of Occupational Titles</u> (DOT), plaintiff contends that there are substantial inconsistencies between the alternate work roles identified by the vocational expert and the DOT characterization of these work roles. For example, plaintiff notes that while the vocational expert identified potential, alternate jobs as a cashier, the DOT lists at least nine cashier positions. Plaintiff believes that it was impossible for the Law Judge to compare the position identified by the vocational expert with any of the particular cashier jobs described under the DOT, specifically in terms of the numbers of available jobs. Plaintiff also asserts that it was impossible to determine exactly how many positions under each job title cited by the vocational expert would be within her residual functional capacity, inasmuch as certain of the jobs under each title require skills and/or physical capacity which she does not possess. While Mrs. Scott seeks remand of her case for further development of the

administrative record, the court must conclude that the arguments advanced by plaintiff do not present good cause for remand.

For purposes of 20 C.F.R. §§ 404.1520(g) and 404.920(g), in determining whether a claimant who is disabled for past work can perform alternate work roles existing in the national economy, 20 C.F.R. §§ 404.1560(b)(2) and 416.960(b)(2) provide that the Commissioner may consider "services of vocational experts or vocational specialists, or other resources such as the Dictionary of Occupational Titles." (emphasis added). Thus, the Commissioner may refer to either the testimony of vocational experts or listings in the DOT in making the assessment required under Step 5 of the Sequential Disability Analysis. Social Security Ruling 00-4p provides that an Administrative Law Judge may not rely on alternate work roles postulated by a vocational expert if there is a discrepancy between the vocational expert's characterization of those alternate jobs and the characterization listed in the DOT in terms of exertional level, skill level, or transferability of skills. The Social Security ruling offers the following examples of inappropriate reliance:

> [I]f all available evidence (including VE testimony) establishes that the exertional demands of an occupation meet the regulatory definition of "medium" work (20 C.F.R. §§ 404.1567 and 416.967), the adjudicator may not rely on VE testimony that the occupation is "light" work.
> . . . .
>
> VE or VS evidence may not be relied upon to establish that unskilled work involves complex duties that take many months to learn, because that is inconsistent with the regulatory definition of unskilled work. See 20 C.F.R. §§ 404.1568 and 416.968.
> . . . .
>
> [A]n individual does not gain skills that could potentially transfer to other work by performing unskilled work. Likewise, an individual cannot transfer skills to unskilled work or to work involving a greater level of skill than the work from which the individual acquired those skills. See SSR 82-41.

7

In the instant case, the court questions whether the testimony of the vocational expert is in any way inconsistent with specific provisions of the DOT. Instead, it seems that the questions put to the vocational expert in this regard merely impugned the expert's methodology in determining the number of available jobs, rather than contrasting those numbers with any specific provision of the DOT. Thus, the court does not believe that the Administrative Law Judge "failed" to resolve conflicts in the record between the vocational expert's testimony and the DOT. It is clear that the vocational expert testified that a large number of work roles within the residual functional capacity level found by the Administrative Law Judge exist in the national economy. Under 20 C.F.R. §§ 404.1560 and 416.960, the Administrative Law Judge could rely on the vocational expert's testimony in determining whether a sufficient number of qualifying jobs exist in the national economy, without reference to the DOT. Thus, there is no discrepancy in the instant case subject to the provisions of Social Security Ruling 00-4P.[2]

Finally, plaintiff urges that the vocational expert's testimony fails to take into account her limitation to occasional stooping and her no more than moderate ability to interact appropriately with the general public. According to plaintiff, such restrictions would prevent performance of many of the positions in all three job categories identified by the vocational expert. However, it is clear that the Administrative Law Judge's hypothetical question to the expert included both of these limitations. In such circumstances, the court believes that the Administrative Law Judge properly relied on the vocational expert's testimony in determining whether Mrs. Scott could still perform specific work roles existing in significant number in the national economy. Such fine distinctions

---

[2] In passing, the court notes that the vocational expert also identified potential jobs in food preparation and sales, in addition to the cashier position which is the subject of plaintiff's argument.

are considered to be within the purview and expertise of the vocational witness. See 20 C.F.R. §§ 404.1560 and 416.960. See also English v. Shalala, 10 F.3d 1080, 1085-86 (4th Cir. 1993); Walker v. Bowen, 876 F.2d 1097, 1100 (4th Cir. 1989).

For the reasons stated, the court concludes that the Commissioner's denial of plaintiff's applications for benefits is supported by substantial evidence. Accordingly, the Commissioner's final decision must be affirmed. In affirming the Commissioner's final decision, the court does not suggest that Mrs. Scott is free of all pain, discomfort, and emotional dysfunction. Indeed, the medical record confirms that plaintiff has experienced serious back problems and emotional dysfunction over a period of several years. However, it must again be noted that the medical specialists who have dealt with these problems agree that plaintiff has been successfully treated, and that her condition has substantially improved. It appears to the court to be reasonable for the Commissioner to rely on input from medical specialists who have treated Mrs. Scott in assessing her current functional capacity. While plaintiff still experiences residuals from her surgery, as well as dysthymia and headaches, it must be recognized that the inability to do work without any subjective symptoms does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). It appears to the court that the Administrative Law Judge considered all the subjective factors reasonably supported by the medical record in adjudicating plaintiff's claims for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the

Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This _13th_ day of November, 2010.

Chief United States District Judge